**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1243
_____

MARIA DEL ROSARIO VASQUEZ-DE PEREZ,
                                        Petitioner,
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A213-143-565)
Immigration Judge: Joseph C. Scott
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 12, 2025
_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed December 12, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Petitioner Maria Del Rosario Vasquez-De Perez argues that the Board of Immigration Appeals improperly denied her claims for asylum and withholding of removal, but seeing no error, we will deny her petition.

**I.**

Vasquez-De Perez and her two minor children, all natives of El Salvador, entered the United States without authorization and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture.[1] She claimed to be a member of a particular social group comprised of "people who publicly provide assistance to law enforcement against major El Salvador[] [gangs]." A.R. 346.

Vasquez-De Perez testified that after she overheard local gang members discussing their criminal activities, she sought assistance from a friend who, in turn, referred her concerns to the police. When a police officer called on Vasquez-De Perez at her home, she rebuffed him on her doorstep but accepted the officer's phone number and began sharing information concerning gang conversations she overheard in adjacent buildings.

According to Vasquez-De Perez, the neighboring gang members began to suspect she was talking to the police, and she began to receive threatening phone calls demanding payments and threatening her family.

---

[1] Removal proceedings were brought against both Vasquez-De Perez and her two children, F-J-F-V- and K-A-M-V-, but in a hearing on September 30, 2022, the immigration judge severed and administratively closed the case of F-J-F-V-.

Vasquez-De Perez testified that after she left her home for the United States, gang members shot her sister-in-law, apparently confusing their identities.

The immigration judge found Vasquez-De Perez's testimony to be credible, but denied all requested relief and ordered her removed to El Salvador.[2] Vasquez-De Perez was deemed ineligible for relief under the Convention Against Torture because she had "not met her burden to show that it is more likely than not that she would be tortured by or with the consent or acquiescence of a government official in El Salvador,"[3] A.R. 71, and ineligible for asylum or withholding of removal on the basis of membership in her proffered particular social group. The immigration judge also noted that, while Vasquez-De Perez asked for protection as a "perso[n] who publicly provide[d] assistance to law enforcement against major El Salvadoran gangs," A.R. 69, her "assistance to law enforcement . . . as [she] credibly testified to, was not done in any sense in a public nature," A.R. 69.

Vasquez-De Perez appealed only the finding regarding a particular social group.[4] The Board of Immigration Appeals affirmed the immigration judge, noting that Vasquez-De Perez "did not meet publicly with the police officer, and there is no indication that

---

[2] Her minor child K-A-M-V-, who was also a party to this action, was also denied relief and ordered removed.

[3] Vasquez-De Perez did not challenge the CAT ruling before the BIA, and does not seek our review.

[4] Only Vasquez-De Perez filed for review with the BIA. Her child K-A-M-V- was not a party to that appeal, nor to this one.

any gang members were aware that the police officer came to her home," so she had "not established that she [was] a member of her proposed particular social group." A.R. 4–5.[5]

## II.

The BIA's decision is correct.

A prior case has recognized Vasquez-De Perez's proposed particular social group. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 179 (3d Cir. 2020). But this holding turned on the public nature of the cooperation. *Id.* Here, in contrast, there is no suggestion that Vasquez-De Perez's brief conversation with the police was observed by the public. Vasquez-De Perez testified that her home and the gang members' house were connected by the rear, and that "if [she] walked out of the front door of [her] house, and the gang members walked out of the front door of their house," they would not be able to see each other. A.R. 240. She also testified that the gang members implied that they had learned of her cooperation from the police, not their own observations. Further, Vasquez-De Perez communicated information to the police privately by phone. At most, Vasquez-De Perez might have acted as a confidential informant, and we have determined that is not a

---

[5] This petition for review followed within thirty days of the BIA's decision. *See* 8 U.S.C. § 1252(b)(1). The immigration judge had jurisdiction under 8 C.F.R. § 1208.2, the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). Where, as here, "the BIA affirms and partially reiterates the [immigration judge]'s discussions and determinations, we look to both decisions." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). We review factual findings for substantial evidence and legal determinations de novo. *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023).

socially distinct category. *Radiowala v. Att'y Gen.*, 930 F.3d 577, 583, 585 (3d Cir. 2019).

* * *

For these reasons, we will deny Vasquez-De Perez's petition for review.